Hughes vs. Woosley.

---

### HUGHES vs. WOOSLEY.

1. The declaration stated, "that defendant at, &c, had been bailiff to the plaintiff, from the—— day of —— in the year of —— to the day of—— in the year of——, and during all that time, had the care and management of divers goods and chattels of the plaintiff, to-wit, one undivided half of one hundred head of horses, all of the value of $10,000, to merchandize and make profit thereof for the plaintiff, and thereof to render plaintiff the said defendant reasonable account thereof, on demand, yet the said defendant, though requested, hath not rendered his reasonable account thereof, but neglects so to do." Held, that it corresponds with the most approved forms of declarations in account, and is sufficient.

## APPEAL from Andrew Circuit Court.

VORIES, for appellant.

1. The court below erred in sustaining defendant's demurrer. The different courts in the declaration state sufficient facts to show a liability on the part of the defendant to account to plaintiff, which are all admitted by the evidence.

2. Our statute authorises this form of action to be brought under the circumstances disclosed in the declaration in this cause, and all of the counts except the last are in the usual form given in the books of precedents: Rev. Statutes, Title account; Oliver Precedents & Chitty's Precedents; 2 Wash. C. C. Rep. 482.

3. Although the last count in the declaration does not show by whose nands the defendant received the money, this under the statute is deemed to be unnecessary: Rev. Stat. of Mo. p. 811, sec. 15.

S. L. LEONARD, for respondent.

1. The action of account is the most difficult, dilatory and expensive action known to the

Hughes vs. Woosley.

law; (McMurray vs. Ransom, 3 Hill 59;) and therefore there will be no intendment in its favor.

2. The interest of each claimant is not distinctly set forth: 9 Vermont 35.

3. It does not show what defendant received of which an account is sought: 9 Vermont 35.

4. It should specify what money and property, and from whom the money or property for which an account is sought was received: 3 Hill 59; May vs. Williams, 3 Vermont 239.

5. It should specify a demand: 12 Vermont, 499.

SCOTT, J., delivered the opinion of the court.

This was an action of account, begun by Hughes against Woosley: A demurrer to the declaration being sustained, the cause was brought here by appeal.

There were six counts in the declaration, and in order that the nature of the objections to it may be the better understood, one of the counts will be substantially set out. It is as fellows: E. Hughes complains of Jas. Woosley of a plea &c: For that; whereas the said defendant, at &c, had been bailiff to the plaintiff from the —— day of—— in the year —— to the day of —— in the year ——and during all that time had the care and management of divers goods and chattels of the plaintiff, to-wit: one undivided half of one hundred head of horses, all of the value of $10,000, to merchandize and make profit thereof for the plaintiff, and thereof to render the plaintiff the said defendant's reasonable account thereof on demand, yet the said defendant, though requested, hath not rendered his reasonable account thereof, but neglects so to do.

It will be sufficient to say, that upon a comparision of the declaration above set forth with the most approved forms of declarations in the action of account, it will be found to correspond with them. The declaration in the great case of Godfrey vs. Saunders, 3 Wilson 94, is substantially the same as that used by the pleader in this action. With the difficulties and delays attending this form of proceeding, this court has nothing to do. At the time of the beginning of this suit, this form of remedy was open to the plaintiff, and as he has seen proper to adopt it, we are bound to sustain him.

The other judges concurring, the judgment will be reversed and the cause remanded.