CLARA D. KELTNER v. LULA M. THRELKEL, Plaintiff in Error.—291 S. W. 462.

Division One, January 29, 1927.

1. **WRIT OF ERROR: Subsequent Appeal.** The fact that after plaintiff in error sued out a timely writ of error she applied for and obtained an appeal is no ground for quashing the writ.

2. **PLEADING: Inartistic and Indefinite.** A pleading may be prolix and repetitious and otherwise inartificially drawn, yet state a cause of action; and that may be true although it unquestionably would not have been immune to a timely motion to make more definite and certain.

3. ————: **Ejectment: Estoppel: Specific Performance.** An answer to plaintiff's petition in ejectment which in substance alleges that plaintiff and her then co-owners of the premises told defendant that, if she would go into possession of the property, pay all the taxes, repair and improve it, they would give it to her; that relying upon such statement and promise, defendant, with the knowledge, consent, and acquiescence of plaintiff and her co-promisors, took possession, paid all taxes and made improvements, by reason of which she had laid out over four thousand dollars, a sum in excess of the value of the property when she took possession; that by reason of said promise and full performance of the conditions attached thereto, not only is plaintiff estopped to claim title, but defendant has acquired both the legal and equitable title, and praying the court to adjudge that defendant is the owner of the legal and equitable title, states sufficient

316 Mo.—39.

facts to constitute a defense of estoppel, and impliedly asks for specific performance.

**4. SPECIFIC PERFORMANCE: Oral Gift of Land.** A party who has been placed in possession of land, and on the faith of an oral gift of the same to him has made valuable and lasting improvements thereon, is entitled to compel a conveyance of the land to him.

**5. ——: Affirmative Relief.** An answer in ejectment which, after alleging an oral gift of land upon specified conditions and full performance of them, asks the court "to adjudge that defendant is the owner of the equitable and legal title to said land," does not wholly fail to pray for specific performance of the oral agreement.

**6. JUDGMENT: Ejectment: Affirmative Defense: Defendant's Refusal to Participate in Trial: Judgment for Plaintiff: Dismissal.** The defendant's pleading in plaintiff's action in ejectment being a cross-petition, seeking on adequate grounds equitable relief, by estoppel and specific performance, it becomes necessary to dispose of the issues tendered by the cross-bill first of all, and until they are disposed of the court cannot render judgment for plaintiff; and where defendant, after having filed such cross-bill, announces that she will not participate in the trial and withdraws before it commences, the court cannot go ahead and find the issues raised by the cross-petition in favor of plaintiff and adjudge that defendant has no right, title or interest in said property, but the only valid judgment that can be rendered in such situation is one of dismissal.

**7. TRIAL: Refusal to Postpone: Abuse of Discretion: Absent Witnesses.** Plaintiff brought an action of ejectment, and defendant filed a cross-bill alleging an oral gift of the premises upon certain conditions and the full performance of those conditions, and asking for a decree adjudging her to be the equitable and legal owner. Defendant was granted a change of venue to another division of the circuit court, and on the same day her attorney applied for a subpoena for witnesses, which was refused by the clerk on the ground that the record had not been transferred to said division. And the next day she twice asked for subpoenas, but the request was denied on the ground that the transcript had not been received. Later in the same day she succeeded in getting a subpoena for her witnesses, sixteen in number, all of whom resided in the county. On the next morning the case was called for trial, and plaintiff answered ready, but defendant announced that she was not ready, because her witnesses were not present. None of them had been subpoenaed; the sheriff had made a non est return as to all of them, giving as his reason that he had not received the subpoena in time to make service. Defendant's attorney asked time to prepare a written application for a continuance; the court denied this, and directed him to state his grounds orally to the court stenographer, and in the statement the attorney detailed his efforts to secure subpoenas and have them served, and the facts to which the witnesses would testify if present, and these facts would have tended to establish the averments of defendant's cross-bill. At the conclusion of the statement the court overruled her application for a continuance, and directed counsel to proceed to trial. Defendant thereupon withdrew and declined to appear further in the cause. The trial proceeded ex parte, and the court rendered judgment for plaintiff upon her evidence tending to show a legal title in fee in her. *Held,* that the court's refusal to postpone the trial for such a length of time as would have afforded defendant a reasonable opportunity to procure the attendance of her witnesses was such an abuse of discretion as necessitates a reversal of the judgment.

Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., Section 55, p. 331, n. 48; Section 572, p. 687, n. 3 New; 4 C. J., Section 2780, p. 809, n. 40. Judgments, 34 C. J., Section 370, p. 159, n. 7 New. Specific Performance, 36 Cyc., p. 783, n. 9.

Writ of Error to Jackson Circuit Court.—*Hon. Thomas B. Buck-ner*, Judge.

REVERSED AND REMANDED.

*L. N. Dempsey* and *J. M. Johnson* for plaintiff in error.

(1) The motion for continuance should have been sustained, since it disclosed due diligence and set forth material evidence supporting the cross-petition. In overruling the motion, the court abused the judicial discretion vested in him by law and committed reversible error.. Turnstall v. Hamilton, 8 Mo. 500; State v. Maddox, 117 Mo. 681; Campbell v. McCaskell, 88 Mo. App. 44. (2) It was immaterial that in anticipation of taking a change of venue from the Independence court, the plaintiff in error did not subpoena her witnesses to appear in that court on the day the case was set for trial. (3) The verified answer and cross-petition of plaintiff in error tendered the issue of title and right to possession by estoppel, since it alleges that at the request of plaintiff, defendant entered into possession of the land, continued therein without interruption for five years, and expended more than $5000 on the land in improvements and in paying taxes under an oral agreement that the land should be hers. Such facts are sufficient in equity to entitle her to a decree vesting the title to the land in her as of the date when she entered possession. 1 Williston on Contracts, sec. 139, p. 311; School District v. Sheidley, 138 Mo. 684; Dozier v. Matson, 94 Mo. 332; Reese v. Smith, 12 Mo. 344; Newman v. Hook, 37 Mo. 207; Bredell v. Westminister Col., 242 Mo. 337; Grafeman v. Bank, 290 Mo. 311; Ward v. Ins. Co., 211 Mo. App. 554; Burk v. Adams, 80 Mo. 514; Commerce Trust Co. v. Coke, 283 Mo. 209. (4) The judgment of February 2, 1924, was the last final judgment rendered in the cause and therefore expressed the complete sentence of the court, supplanting the prior judgment rendered January 9, 1924. Winham v. Kline, 77 Mo. App. 36; Nelson v. Barnett, 123 Mo. 571. (5) A judgment outside the pleadings is void, and the question of jurisdiction must be tried by the whole record. State ex rel. v. Muench, 217 Mo. 137. (6) As the record now stands the judgment finally rendered was and is void and should be set aside: (a) It cannot dispose of all the issues raised by the pleadings, since it is unsupported by any evidence respecting the issues presented by the cross-petition. Windsor v. McVeigh, 93 U. S. 274; 1 Freeman on Judgments (5 Ed.) sec. 333. (b) The court was without jurisdiction to try the action at law in ejectment without first disposing of the cause in equity pleaded in the cross-petition. Allen v. Logan, 96 Mo. 598; Martin v. Turnbaugh, 153 Mo. 172; Gray v. Clements, 227 S. W. 111. (c) The

judgment rendered is violative of the rule that a judgment must be supported by evidence and be single and complete and dispose of all the parties and issues, and the defect appearing on the face of the record the judgment must be pronounced void. State v. Wear, 145 Mo. 162; Gray v. Clements, 227 S. W. 111; Summit Bay Packing Co. v. Kryder, 263 S. W. 543; McVernon Car Co. v. Roofing Co., 227 S. W. 76; Car Mfg. Co. v. Rolling Mill Co., 285 Mo. 699; Morton v. Lloyd Const. Co., 280 Mo. 373. (d) Since no evidence was admitted bearing on the cross-petition a judgment which assumed to dispose of that cause of action would violate the guaranty of due process of law and be in contravention of Sec. 20, Art. 2, Mo. Constitution. Windsor v. McViegh, 93 U. S. 277; Hennig v. Staid, 138 Mo. 434; Jones v. Yore, 142 Mo. 38; State v. Julow, 129 Mo. 174; Roth v. Gabbert, 123 Mo. 29; Scott v. McNeal, 154 U. S. 34; Virginia v. Rives, 100 U. S. 313; Pennoyer v. Neff, 95 U. S. 714. (e) A sentence of a court against a party without hearing him is not a judicial determination. Windsor v. McVeigh, 93 U. S. 274; Freeman on Judgments (5 Ed.) sec. 333. And a judgment not sustained by any evidence must be reversed. (f) In ejectment the defendant may set up an equitable defense and a judgment on such defense is final and *res adjudicata.* Sampson v. Mitchell, 125 Mo. 217; Preston v. Rickets, 91 Mo. 320; Chouteau v. Gibson, 76 Mo. 38. (g) A plaintiff in an ejectment action must have the legal title and be entitled to possession at the beginning of the suit. Finley v. Babb, 144 Mo. 403. (h) A defendant in an ejectment suit may set up an equitable defense of estoppel *in pais* and invoke Sec. 1970, R. S. 1919. Titus v. Development Co., 264 Mo. 229. (7) The verified cross-petition alleged that plaintiff in error while in possession had expended over $5,000 in paying taxes and making improvements on the property. She should have been given a fair opportunity to be heard on these issues, and on proof of such outlay in no event should judgment have gone against her except upon the condition of her reimbursement. Secs. 1834, 1836, R. S. 1919; Peck v. Rea, 272 S. W. 979; Henderson v. Langley, 76 Mo. 226; Allen v. Mansfield, 82 Mo. 688; Insurance Co. v. Guseman, 186 Mo. App. 236; Russell v. De France, 39 Mo. 506; State ex rel. Jiner v. Foard, 251 Mo. 51.

*M. A. Fyke, J. C. Hargus* and *A. N. Adams* for defendant in error.

(1) The trial court did not abuse its discretion in overruling defendant's application for continuance. No diligence upon the part of the defendants was shown, and the court found, as a matter of fact, that the application was not made in good faith, but for the sole purpose of preventing a trial. Evans v. Pond, 30 Mo. 235; Schultz v. Moon, 33 Mo. App. 338; Gibson v. Ins. Co., 181 Mo. App. 302; Sec. 2457, R. S. 1919. (2) Under the law applicable to changes

of venue in the Sixteenth Judicial Circuit, it was plaintiff in error's duty to subpoena her witnesses to appear in court in Independence on the day the case was set for trial. Sec. 2457, R. S. 1919. (3) Defendant's answer was not a bill in equity, but only a denial of plaintiff's right to recover. Count 2 does not state facts sufficient to constitute a defense. The promise relied upon is not clear and unequivocal, but vague and indefinite. The second paragraph nullifies this promise, because defendant alleges that instead of paying the taxes she purchased the property at tax sales and received tax certificates of purchase from the city treasurer which were redeemed by plaintiff. She then asked that the title be ascertained and determined. No affirmative relief was asked. Her answer constitutes a mere denial of plaintiff's right to possession, the issue being whether plaintiff or defendant had title, and, therefore, right to possession. It is neither a counterclaim nor a setoff. Koehler v. Rowland, 275 Mo. 573; Peterson v. Larson, 285 Mo. 119; Kanan v. Wright, 270 S. W. 650; Gray v. Ward, 234 Mo. 291; Hall v. Small, 178 Mo. 629; Hayes v. Laughlin, 217 S. W. 264; Hunt v. Hunt, 270 S. W. 365. (4) The answer does not state facts sufficient to constitute a cause of action or a defense. The statements in the answer are so vague, indefinite and contradictory that they fall far short of stating facts sufficiently clear, definite and unequivocal to take the alleged agreement out of the Statute of Frauds. Sec. 2169, R. S. 1919; Rogers v. Wolfe, 104 Mo. 9. (5) The judgment of January 9, 1924, and of February 2, 1924, are one and the same judgment. The court had authority to permit plaintiff to amend the judgment of January 9, 1924, by substituting the name of Jerome E. Threlkel for John E. Threlkel, and in doing so the judgment of February 2, 1924, was not a new judgment but only the continuation of the judgment of January 9, 1924, as amended. Secs. 1277, 1550, 1551, R. S. 1919; Parry v. Woodson, 33 Mo. 347. (6) As the record now stands, the judgment rendered was and is valid, and should not be set aside. (a) It disposes of all the issues raised by the pleading and was supported by evidence respecting all issues presented. (b) The action was one at law. The answer did not ask any affirmative relief. The issue was whether plaintiff or defendant had the right to possession because of their title. That is, the right of possession was in the one who had title to the property. (c) The judgment rendered is not violative of the rule that a judgment must be supported by the evidence and be single and complete and dispose of all the parties and issues, and as no such defect appears on the face of the record, the judgment must be pronounced valid. (d) There was evidence bearing on the answer and alleged cross-petition, and the judgment of the court did not violate the guaranty of due process of law, and was not in contravention of Sec. 20, Art. 2, Mo. Constitution. "If

a person is afforded a full opportunity to be heard, and neglects to avail himself of it, he is deprived of no constitutional right by a determination adverse to him.'' 12 C. J. p. 1236, sec. 1009; Hulett v. Ry. Co., 145 Mo. 35. (e) The court gave the defendant a full opportunity to be heard, and his pronouncement was a judicial determination of the issues presented by the pleadings. (f) In order for defendant's answer to be an equitable defense, it must ask for affirmative relief and state facts sufficient to constitute a cause of action. Gray v. Ward, 234 Mo. 296: (7) While a defendant in ejectment may set up an equitable defense and avail himself of Sec. 1970, R. S. 1919, if he desires affirmative relief he must ask it in his answer, as a suit under Section 1970 is an action at law unless affirmative relief is asked. (8) The answer alleged that plaintiff in error had expended money for taxes and making improvements on the property, also alleged that she had purchased the property at tax sales, one allegation contradicting the other. The proof showed that she had not improved the property, but had committed waste. The proof also showed that all of the certificates of purchase for tax sales had been redeemed and she had received her money, or could have received it by calling at the city treasurer's office. Sec. 2169, R. S. 1919; Rogers v. Wolfe, 104 Mo. 1.

RAGLAND, J.—This case comes to the writer for an opinion on re-assignment. It is an action in ejectment for the recovery of lots 11, 12, 23 and 24, in Block ''E,'' Bismark Place, an addition in and to Kansas City. It was commenced in the Circuit Court of Jackson County, at Independence, on the 11th day of April, 1923, by Clara D. Keltner, as plaintiff, against Jerome E. Threlkel and Lula M. Threlkel, as defendants. The petition was conventional. The answer of Jerome E. Threlkel consisted of a general denial and a disclaimer of any interest in the premises. The pleading on the part of the defendant, Lula M. Threlkel, was in two counts. The first consisted of a general denial; the second, so far as material here, was as follows:

''Comes now defendant, Lula M. Threlkel, and states that she is the legal and equitable owner and in possession of the land described in plaintiff's petition; . . . defendant further states that she has been in peaceable, open and notorious adverse possession of the premises described in plaintiff's petition for more than five years prior to the institution of this suit as the owner of the equitable and legal title and entitled to the record legal title thereof by virtue of the plaintiff and other interested parties telling this defendant to take said premises as the owner and make and pay for the improvements, taxes and whatever costs that might come against said premises; that

defendant relying upon said statements and representations went into possession of said premises claiming to own the same and has performed a great deal of labor on and about said premises in the improvements of the same and has worked for the betterment of the same and has secured a sewer adjoining said premises on Broadway and Central Street and has procured the grading of 50th. Street, paving and curbing of the same in front of said premises and has graded the land and put in an expensive sewer on said premises and all improvements on Central Street from Fiftieth north one hundred feet and the grading of Wornall Road and the grading of Brookside extension, Linwood extension, Pershing Road and numerous other special taxes aside from state, county and school taxes, all of which improvements defendant worked for and paid the taxes and made other valuable and lasting improvements in the way of repairing the dwelling house located on said premises and removing parts of said house that were dangerous and ordered taken down by the city building inspector; that defendant has paid out and expended in good faith in the payment of taxes and other improvements on said premises, claiming to own the same, a sum in excess of $4,000; that all of said work done by defendant on and around said premises and all the money paid out for taxes and other improvements on said premises was done in good faith by defendant as the owner of said premises; that plaintiff is estopped to claim the ownership of said land after having told defendant to take possession of said land and make and pay for improvements and taxes and defendant relying thereon in good faith has acted on said statements and spent her money, time and labor honestly believing that she was the owner of said land it would be a fraud on the part of plaintiff to claim ownership in said land and she is estopped to claim to be the owner of said land; that plaintiff has been aware all the time that defendant was in good faith making improvements on and in connection with said land and expending money and performing labor in the improvement of said land claiming to own the same; that during all this time that defendant has been on said land plaintiff stood by and made no claim to said land until the spring of 1923. That taking together the actual money that defendant has expended in the improvement of said land and interest thereon from the various times said money was paid out and expended, the defendant has given at least five thousand dollars for said land and on account of the same besides the trouble she has been to in preserving said property and in improving the same aside from all the labor that defendant has put on said land and the time she has spent in and about the preservation and improvement of the same and the worry and annoyance defendant has suffered on account of the burden put on her on account of said land; that defendant is legally and equitably entitled to said land.

"Defendant states that said land is of a reasonable value of about $4,000, or of considerable less value than defendant has expended in the honest belief that she was the owner of said land. . . .

"Wherefore, defendant prays the court to adjudge and determine the respective rights of the plaintiff and defendant in and to the land described in plaintiff's petition and to adjudge that defendant is the owner of the equitable and legal title to said land and that plaintiff has no interest in and to the same and that plaintiff is estopped to claim any interest in said land and for such other and further relief as to the court shall seem meet and proper in the premises."

The cause was at issue, and was docketed for trial in the Circuit Court at Independence, on Monday, January 7, 1924. On that day the defendant, Lula M. Threlkel (hereinafter designated as the defendant in said cause), made application for a change of venue, on the ground that the judge who was presiding over that division of the Circuit Court of Jackson County was biased and prejudiced against her. The application was sustained and the cause thereupon ordered transferred to Division One, at Kansas City. On the afternoon of that day, January 7th, defendant's attorney applied to the clerk of Division One for a subpoena for her witnesses, but the clerk refused to issue a subpoena on the ground that, as he had not received the papers and transcript of the record in the cause from Independence, the cause was not then pending in his Division. Twice during the morning of January 8th and again at two o'clock in the afternoon of that day defendant through her attorney requested the issuance of a subpoena for her witnesses, but in each instance the request was denied on the ground that the transcript had not been received. Later in the afternoon of January 8th, however, she succeeded in getting a subpoena for her witnesses, all of whom—sixteen in number—lived in Kansas City, and placed it in the hands of the sheriff. On the next morning, January 9th, on the convening of court, the case was called for trial. Plaintiff announced ready. Defendant announced that she was not ready, because none of her witnesses were in attendance. None of them had in fact been served; the sheriff had made a return of *non est* as to all of them, giving as his reason that he did not have sufficient force to serve them, had not received the subpoena in time for service. Her attorney asked for time in which to prepare a written application for a continuance; this request was denied, the court directing him to state his grounds orally to the court stenographer. In that statement, after detailing his efforts to secure and have served a subpoena for defendant's witnesses as heretofore noted, he rehearsed the facts to which the witnesses for whom the subpoena had been issued would testify if present. Such testimony would have tended to establish the aver-

ments of the second count of defendant's pleading. At the conclusion of his statement the court overruled defendant's application for a continuance and directed counsel to proceed with the trial. Defendant thereupon withdrew and declined to further appear in the cause. The trial then proceeded *ex parte*. Plaintiff introduced evidence which tended to show a legal title in fee to the premises in herself; the amount of her damages; and the monthly value of the rents and profits. When her proof was in the court rendered judgment for her, which, according to the additional abstract filed by the defendant in error, was as follows:

"Now on this day this cause having been transferred to this Division No. 1 of this court by change of venue from the Circuit Court of Jackson County, Missouri, at Independence, upon the application of defendants, and this cause having been regularly set down for trial in this court on this day, the plaintiff appeared by her attorneys, and the plaintiff announced ready for trial, and the defendants announced not ready for trial, and submitted to the court an application for continuance which said application was by the court overruled, whereupon said defendants by their attorney refused to further proceed, whereupon the cause was taken up and submitted to the court upon the pleadings and plaintiff's evidence, and the court having heard the evidence, and being fully advised in the premises, finds the issues upon plaintiff's cause of action in favor of the plaintiff, and finds that at the institution of this suit plaintiff was lawfully entitled to the possession and is now entitled to the possession of the premises described in the petition, to-wit, Lots 11 and 12, and Lots 23 and 24 of Block E, Bismark Place, an addition in Kansas City, Jackson County, Missouri. And the court further finds that defendants, on the 2nd day of June, 1920, entered into said premises and have ever since unlawfully withheld from plaintiffs the possession thereof.

"And the court further finds that defendants have committed waste upon said premises, to plaintiff's damage in the sum of $500.

"And the court further finds that plaintiff has sustained damage by reason of defendants' unlawfully withholding from plaintiff the possession of said premises in the further sum of $840 and the court finds that the value of the monthly rents and profits of said premises is $20 per month.

"Wherefore, it is considered, ordered and adjudged by the court that plaintiff have judgment that she recover of and from defendants the possession of her said premises, together with her damage for waste in the sum of $500, and her damage for the withholding the possession of said premises from plaintiff by defendants, in the sum of $840. and for rents and profits at the rate of $20 per month, until possession of said premises be restored to plaintiff and that writ of restitution and execution issue therefor, and for costs.

"And the issues raised by the answer of defendant Lula M. Threlkel having been submitted to the court upon the pleadings and evidence, the court finds the issue raised by said answer in favor of plaintiff and against said defendant, and the court finds that at the time this suit was brought the plaintiff was and now is the owner in fee simple of said lots 11, 12, 23 and 24 of Block E, Bismark Place, an addition in and to said Kansas City, Jackson County, Missouri, and the court finds that defendant Lula M. Threlkel at the time this suit was brought had not, and has not now, any right, title or interest, legal or equitable, in and to said premises, or any part thereof.

"Wherefore, it is considered, ordered and adjudged and decreed by the court that said defendant Lula M. Threlkel has no right, title or interest in said property, but that the title in fee simple to said property, is vested in the plaintiff."

In due time defendant filed a motion for a new trial and one in arrest; both were overruled. At the same term, January term, 1924, she was allowed an appeal to this court. Thereafter, on April 29, 1924, she filed a motion here to dismiss her said appeal and the same was sustained. On the same day, and after the appeal was dismissed, she and her co-defendant, Jerome E. Threlkel, sued out in this court the writ of error which is the basis of the present proceeding. At the November term, 1924, defendant, by counsel other than the one who had theretofore represented her in the case of Clara D. Keltner, plaintiff, v. Jerome E. Threlkel et al., defendants, appeared in the circuit court and filed a motion to set aside the judgment in that cause on the ground of irregularities appearing on the face of the record. That motion was overruled and she was allowed an appeal from the overruling order. It does not appear that any steps were ever taken to perfect it.

I. The defendant in error in due time filed herein a motion to quash the writ on the ground that after suing it out plaintiff in error took an appeal from the order overruling her motion **Quashing Writ** to vacate the same judgment which she seeks to have **of Error.** reviewed by the writ, and that such appeal has not been disposed of. An appeal and writ of error are concurrent remedies in this State, and with respect to them, speaking generally, the doctrine of election of remedies applies. Both cannot be pursued simultaneously. When one of them has been invoked, the other cannot be resorted to, at least, until the proceeding begun pursuant to the first has been discontinued. [Harris v. Chitwood, 210 Mo. 560; Burdett v. Dale, 95 Mo. App. 511; 7 Ency. Pl. & Pr. 854.] As the writ in this case was sued out first, the subsequent granting of an appeal affords no grounds for quashing it. The motion to quash is overruled.

II. The principal contentions of the plaintiff in error are these: (1) The trial court's refusal to continue the case for a sufficient length of time to enable defendant to procure the attendance of her witnesses was a gross abuse of discretion; and (2) the judgment on

**Pleading.** the face of the record is erroneous. Taking the last first, it is necessary to determine at the outset the nature of the second count of defendant's pleading. Is it an answer, or a cross-petition, or is it a nullity, so far as functioning as a pleading is concerned? Defendant in error asserts that its allegations are so vague and indefinite that it states neither a defense nor a cause of action. That it is inartificially drawn and that it is both prolix and repetitious cannot be denied; and unquestionably it would not have been immune to a timely motion to make definite and certain. But it cannot, we think, be held to be wholly inefficacious as a pleading because of the vagueness or generality of its averments. Boiled down they amount to this: Plaintiff and her then co-owners of the premises in controversy told the defendant that, if she would go into possession of the property, pay all taxes assessed and outstanding against it and repair and improve it, they would give it to her; that relying upon said statement and promise, defendant, with the knowledge, consent and acquiescence of plaintiff and her co-promisors, did take possession of the premises, pay all taxes, both general and special, outstanding against it, tore down and removed a portion of the dwelling house thereon, which had been condemned as dangerous by the municipal authorities, and made improvements—by reason of all of which she had laid out and expended more than $4,000, a sum which exceeded the value of the property when she took possession of it; and that by reason of the said promise made by plaintiff to defendant and the full performance by the latter of the conditions attached thereto, as aforesaid, not only is plaintiff estopped to claim title to the premises but defendant has acquired both the equitable and legal title thereto. In the prayer the court is asked "to adjudge that defendant is the owner of the equitable and legal title to said land." In other words

**Oral Gift of Lands.** the pleading alleges in general terms that there was an oral gift of the land in controversy, by plaintiff to defendant, and that defendant, on the faith of such oral gift, with the full knowledge, acquiescence and consent of plaintiff, entered upon the land and expended in discharging tax liens against it and making improvements on it a sum of money which exceeded the value of the land at the time she took possession of it; in connection with the facts so alleged the pleader sets up estoppel as a defense, and at the same time impliedly asks specific performance, an affirmative relief.

That a case for specific performance is stated in the pleading we think clear. Because:

"It is well settled that where a party has been placed 'in possession of a tract of land, and on the faith of an oral gift of the same to him, has made valuable and lasting improvements thereon, this is a sufficient basis upon which the donee may compel a conveyance to him of such land. When he does this, it constitutes a valuable consideration, and he stands before a court of equity in the attitude of a purchaser and with equal rights and remedies; the donee's *status* in such case falling within the domain of the doctrine of part performance." [Dozier v. Matson, 94 Mo. 328, 332; also Thierry v. Thierry, 298 Mo. 25.]

It is insisted, however, that affirmative relief is not prayed; if the question is to be determined by precedent, Withers **Specific** v. Railroad, 226 Mo. 373, governs rather than Koeh- **Performance.** ler v. Rowland, 275 Mo. 573, cited by defendant in error. See also Hauser v. Murray, 256 Mo. 58.

Having reached the conclusion that the second count of defendant's pleading is a cross-petition, seeking on adequate grounds equitable relief, the error of the trial court in rendering the judgment it did becomes manifest. The case on the pleadings was one in equity. [Martin v. Turnbaugh, 153 Mo. 184.] In the orderly trial of the cause it was necessary that the issues tendered by the **Judgment.** cross-bill be first disposed of, and disposed of unfavorably to the defendant before the plaintiff could be accorded the relief she prayed in her petition. Because the equities set up in the cross-bill, if established, put an end to plaintiff's legal title. [Allen v. Logan, 96 Mo. 598.] The court attempted to dispose of the cross-bill by finding the issues raised by it in favor of plaintiff and adjudging that the defendant had "no right, title or interest in said property." This in face of the fact that defendant had announced that she would not participate in the trial and had withdrawn before it was commenced. In that situation the only valid judgment which the court could have rendered with reference to the cross-bill was one of dismissal. [Wright v. Salisbury, 46 Mo. 28; Nordmanser v. Hitchcock, 40 Mo. 178; Scott v. Rees, 300 Mo. 129-130.]

We are also of the opinion that the court's refusal to postpone the trial for such length of time as would have afforded the defendant a reasonable opportunity to procure the attendance **Abuse of** of her witnesses was such an abuse of discretion as to **Discretion.** necessitate a reversal of the judgment even if the record disclosed no other error.

The judgment is reversed and the cause remanded. All concur, except *Gantt, J.,* not sitting.