Ex parte Mitchell.

---

*Ex Parte* MITCHELL.

DIVISION TWO.

1. **Habeas Corpus:** DISCHARGE : JUDGMENT OF COMPETENT COURT. A prisoner detained by the final judgment of a competent court of criminal jurisdiction, upon conviction for selling intoxicating liquors in violation of the local-option law, will not be discharged on *habeas corpus* upon the ground that such law had never been legally adopted, that being a question that the trial court had jurisdiction to determine, and from whose decision an appeal would lie.

Ex parte Mitchell.

2. ——— : APPEAL : WRIT OF ERROR. The writ of *habeas corpus* is not the remedy for the correction of the errors of trial courts and cannot be substituted for appeals and writs of error.

*Habeas Corpus.*

WRIT DENIED.

*George H. Harrison* and *H. J. Drummond* for petitioner.

(1) The local-option law having never been adopted in Marion county, the circuit court had no lawful authority to hear and determine the case. Church on Habeas Corpus, sec. 356, pp. 465-6 ; *Ex parte Sam*, 51 Ala. 34 ; *Ex parte Winston*, 9 Nev. 71. It is conceded that it is well settled in this state that a proceeding under the *habeas corpus* act will not be allowed to operate as an appeal or writ of error, which would be the remedy in mere error or irregularity of the court. Although the court may have had jurisdiction over the body of the petitioner, and the offense with which he was charged, yet as the judgment, under which he is held, is void for want of authority of law to render it, he is entitled to a discharge. Church on Habeas Corpus, sec. 371, p. 494 ; *Ex parte Lange*, 18 Wall. 176 ; *Ex parte Wooldridge*, 30 Mo. App. 612-618. If the last-cited case is persuasive authority, it is believed to be absolutely decisive of this case. (2) It is the duty of this court to assume or take jurisdiction in this proceeding, and examine all matters in any way tending to show the want of the existence of jurisdiction or lawful authority in the circuit court of Marion county to do what it did in the premises. *Ex parte Rollins*, 20 Va. 276 ; Cooley on Const. Lim. [ 4 Ed. ] 431-435 ; Church on Habeas Corpus, sec. 366, p. 481, sec. 370, pp. 490-491 ; *Ex parte Wooldridge*, 30 Mo. App. 612. No appeal or writ of error lies to this court in the case against petitioner. Const. of Mo., sec. 12, art. 6 ; *State v. McNeary*,

88 Mo. 143. Its jurisdiction is original and it is the practice to exercise it. *In re Swann*, 96 Mo. 44; *Ex parte Crenshaw*, 80 Mo. 441, and authorities cited; *Ex parte Turner*, 44 Mo. 181; *In re Snyder*, 64 Mo. 58–63; *Ex parte Hallowell*, 74 Mo. 395; *Ex parte Clay*, 98 Mo. 578; *In re McDonald*, 19 Mo. App. 370; *In re Wooldridge*, 30 Mo. App. 612.

*John M. Wood*, Attorney General, for respondent.

GANTT, P. J.—This is an application by the petitioner, Christian Mitchell, for release on a writ of *habeas corpus*, from the common jail of Marion county.

He avers that he is illegally restrained by the sheriff of said county, in this, that in November, 1889, he was indicted by a grand jury of said county for selling intoxicating liquors therein contrary to the provisions of what is known as the "local-option law," of Missouri; and that on the eleventh day of November, 1890, he was tried in the circuit court of said county and found guilty thereof, and his punishment fixed and assessed at a fine of $600, and a judgment for that amount was rendered against petitioner, and it was further adjudged that, if petitioner did not pay said fine, he should be committed to the common jail of said county until it was paid, together with the costs.

He further alleges that he did not pay said fine, and, by reason of his default, a *capias* execution was issued by the clerk of the circuit court of said county on the twenty-second day of December, 1890, to the sheriff of said county, who by authority thereof arrested petitioner and has ever since confined him in said county jail.

The illegality complained of is, that said "local-option law" had not been adopted in said county, and, therefore, his imprisonment for violation thereof was illegal.

The return to the writ shows a *capias* execution in due form and that the officer is holding defendant to satisfy the same, in accordance with the judgment and sentence of the circuit court of Marion county.

By section 5376, of the Revised Statutes of Missouri, 1889, it is made the duty of the court before whom a prisoner is brought on a writ of *habeas corpus* to forthwith remand the prisoner, if it shall appear that he is detained "by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree."

It appears by petitioner's own statement that he was indicted and convicted in a court of general criminal jurisdiction for Marion county. That court had jurisdiction to determine whether the county of Marion had adopted the law, commonly known as the "local-option law," being an act to provide for the preventing of the evils of intemperance by local option in any county in this state. Acts, 1887, p. 179. The act itself has been decided to be constitutional by this court in *State ex rel. Maggard v. Pond*, 93 Mo. 605.

If defendant claimed the evidence showed this act had not been adopted, and that the circuit court erred in holding it had been, he ought to have saved the evidence in a bill of exceptions and brought his case here by appeal.

The writ of *habeas corpus* is not the remedy to correct error of trial courts, and cannot be substituted for appeals and writs of error. Every suggestion made in behalf of the prisoner here could have been made in the circuit court of Marion county, and that court should have had an opportunity of passing upon these questions.

This court has a sufficient docket without reaching out and assuming the jurisdiction committed by the law to other courts. The prisoner will be remanded and the writ dismissed. All the judges of this division concur.