## Ex Parte GEORGE McLAUGHLIN.

### Division Two, March 31, 1908.

1. **TRIAL BY INFORMATION:** Constitutional. The provisions of the Missouri Constitution and statutes authorizing the prosecution and trial of a person accused of a felony by information are not in conflict with the fifth amendment to the Constitution of the United States which declares that "no person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury." Both the fifth and fourteenth amendments are limitations upon Congressional power alone, and not upon the powers of a State.

2. **HABEAS CORPUS: Error: No Preliminary Hearing.** The writ of *habeas corpus* is not a substitute for an appeal or writ of error. The overruling of a plea in abatement, a motion to quash or a demurrer to the information filed in the circuit court and charging defendant with robbery, on the ground that defendant was not accorded a preliminary hearing before the filing of the information in the circuit court, if error, may be corrected on appeal. Such ground is not jurisdictional, but goes merely to the regularity of the preliminary proceeding leading up to his arrest and the sufficiency of the information.

3. ————: **Information: No Preliminary Hearing: Jurisdiction: Circuit Court.** The circuit court of St. Louis is a court of general criminal jurisdiction, and the filing of an information therein and the prosecution of a defendant for robbery are not a special or exceptional exercise of jurisdiction in which all the preliminary steps leading up to the prosecution must be affirmatively shown upon the face of the record or information.

4. ————: ————: ————: **Waiver.** A denial of the preliminary hearing provided by the statute goes only to the regularity of the proceedings in a felony case prosecuted by information in the circuit court, and not to the jurisdiction of such court, and the preliminary examination may be waived, not only in the justice's court or other examining tribunal, but at the time defendant is required to plead to the information in the circuit court, and if he pleads the general issue of "not guilty" he waives it.

5. ————: ————: ————: ————: **Plea Standing: No Error.** And a subsequent plea in abatement, motion to quash and demurrer, with the plea of "not guilty" not withdrawn but still standing, will not even convict the trial court of error, even if the court required defendant to proceed without having been given a preliminary trial.

Habeas Corpus.

PETITIONER REMANDED.

*H. M. Walsh* for petitioner.

This petitioner rests his application for a writ of *habeas corpus* upon the following contentions, to-wit: (1) The provision for the issuance of informations as a concurrent method of procedure with indictments is repugnant to the Constitution of the United States in the fifth amendment, which provides that "no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury," no power having ever been delegated to this or any other State to alter or amend this provision of the United States Constitution. The right to the grand jury investigation is one of those rights which are in the nature of progress from the dark ages, and any attempt to qualify or abrogate that right is a surrender without authority of one of our national bulwarks. Ex parte Wilson, 114 U. S. 417; Parkinson v. United States, 121 U. S. 281. (2) The right to a preliminary hearing is a common law right, and is not in any way a limitation on the right of the circuit attorney, but a mere matter of procedure according to a person accused of a crime an opportunity to learn the nature of the offense charged, the time and place of its alleged commission, and is in the nature of a bill of particulars, a right accorded in almost every other State. By a preliminary hearing the accused is in a position to learn the time when the offense is committed, and get other information not accorded by the pleadings, and which in these days of zealous prosecutors cannot be secured from the State. It is our belief that this act requiring preliminary hearings is only a weak and wobbly step in the direction of the preserving to the people that great right of grand jury inquisition which partakes of the government by the

people. The placing of the grand jury power in the hands of a single partisan individual is too great a power to go without a check, and was foreseen by the framers of our national Constitution.

*Herbert S. Hadley,* Attorney-General, *N. T. Gentry,* Assistant Attorney-General, and *Arthur N. Sager* for respondent.

(1) "Where the accused waives a preliminary examination before a magistrate, and, on account of the waiver, no examination is had, he is estopped to claim any advantage, because of the absence of such examination." Benjamin v. State, 25 Fla. 675; 14 American Digest, par. 460. "After the accused has been indicted, and pleaded not guilty, it is too late to urge his right to a preliminary examination before a committing magistrate." State v. Caulfield, 23 La. Ann. 148. "A preliminary examination, or an order to show cause, and a hearing thereon, is not a necessary preliminary to a proceeding or information." United States v. Ronzone, 14 Blatch. 69; Ex parte Bedard, 106 Mo. 616. Since the Constitution places informations on an equal footing with indictments, since a prosecuting attorney might hold a defendant until a grand jury met, denying him the right to a preliminary examination, since the Constitution is self-enforcing, and addresses itself to the courts, the right to a preliminary examination is not jurisdictional. An information does not put the accused on trial for a different offense from that covered by the preliminary examination, but under the statute a count for receiving stolen property may be added by the prosecuting attorney without a preliminary examination on that. Com. v. Freelove, 150 Mass. 66. In State v. Ransenberger, 42 Mo. App. 466, it was held that the Legislature has no power to abridge process of prosecuting attorneys. When this cause was transferred to the Supreme

Court, the judgment was affirmed. State v. Ransen-berger, 106 Mo. 135; Bollin v. Nebraska, 176 U. S. 83; State v. Watson, 30 Kan. 281; State v. Webster, 39 N. H. 96; State v. McO'Blenis, 24 Mo. 403. (2) The amendment to the Constitution provides that prosecutions for felonies and misdemeanors shall be by indictment or information, which shall be concurrent remedies. The grand jury have the right to return an indictment against any one who in its opinion has committed a felony, and the circuit attorney possesses the same right. No one would argue for a moment that the grand jury could not return an indictment until the defendant had been accorded a preliminary examination, hence, the argument that the circuit attorney may be thus restricted, is fallacious.

GANTT, J.—This is an original proceeding in this court by the petitioner for discharge from a prosecution pending against him in the circuit court of the city of St. Louis for criminal causes, for robbery in the first degree.

On an information duly verified by the assistant circuit attorney of the city of St. Louis, the defendant was arrested and on a preliminary examination in the court of general sessions was bound over to await a trial in the circuit court for said offense. Afterwards, at the February term, 1908, of the circuit court, an information duly verified was filed in said court charging him with robbery in the first degree. On February 11, 1908, the defendant being in the custody of the sheriff, was duly arraigned upon the information and entered his plea of not guilty. Afterwards, without withdrawing such plea, he filed his plea in abatement, to which the State demurred and the demurrer was sustained. Defendant then filed his motion to quash, alleging substantially the same matters set up in the plea in abatement, to-wit, that he had not been ac-

corded a preliminary hearing prior to the filing of the information and for the reason that the information did not on its face allege he had been accorded such preliminary examination. This motion to quash was overruled. Defendant then filed a demurrer to the information, on the grounds that the information did not charge any offense and that the court had no jurisdiction to try the case. The demurrer was overruled. At this point in the cause, the petitioner began this proceeding for *Habeas Corpus* in this court.

The grounds upon which he seeks his discharge are briefly, *first,* that the proceeding by information instead of by indictment is repugnant to the Fifth Amendment to the Constitution of the United States which provides that "no person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury."

*Second.*     Because the information does not on its face allege the petitioner had been awarded a preliminary examination, or as we take it, that his preliminary examination in the St. Louis court of general sessions amounted to the same thing, as that court has been adjudged an unconstitutional tribunal.

I.     As to the first ground, to-wit, that a prosecution by information for a felony is repugnant to the Fifth Amendment to the Constitution of the United States, it is sufficient to say this contention has been met and set at rest by the adjudications, both of the Supreme Court of the United States and of this court. In Hurtado v. California, 110 U. S. 516, and Hodgson v. Vermont, 168 U. S. 262, it was expressly ruled that a State Constitution authorizing the prosecution of felonies by information, as well as by indictment, was not a denial of due process of law within the meaning of the 14th Amendment to the Federal Constitution. The Fifth Amendment has likewise been uniformly construed as a limitation only upon Congress-

ional power and not upon the power of the several States.    [Barron v. Mayor, 7 Peters (U. S.) 243.]

The amendment of section 12 of article 2 of the Constitution of Missouri (1875), providing for the prosecution of felonies by indictment or information as concurrent remedies, was duly adopted by the people of this State at the general election November 8th, 1900, and is a part of the organic law of this State and in no manner infringes the Constitution of the United States.    [State v. Jones, 168 Mo. 398; State v. Kyle, 166 Mo. 287; State v. Parks, 165 Mo. 496.]

II.    The complaint in the plea in abatement, motion to quash and demurrer to the information, that "the information fails to set out the fact that the defendant was accorded or given a preliminary hearing before the filing of the information by the circuit attorney," is no bar to the prosecution of the petitioner.    The writ of *Habeas Corpus* is not a substitute for an appeal or writ of error.    [Ex parte Clay, 98 Mo. 578; Ex parte Mitchell, 104 Mo. 121.]

The circuit court of the city of St. Louis is a court of general criminal jurisdiction and had full power to pass upon the sufficiency of the plea in abatement, motion to quash and demurrer in this case, and if it erred its decision can be reviewed and corrected on appeal.

The grounds upon which petitioner seeks his discharge are not jurisdictional but go merely to the regularity of the preliminary proceedings leading to his arrest and the sufficiency of the information, all of which can be determined on appeal if defendant feels that he is aggrieved by the judgment of that court. We have no hesitancy in holding that the circuit court is a court of general jurisdiction and the filing of an information and the prosecution thereof in said court is not a special or exceptional exercise of jurisdiction, in which all the preliminary steps leading

up to the prosecution must be affirmatively shown upon the face of the record or information.   The according or denial of the preliminary trial provided by the statute goes only to the regularity of the proceedings and not to the jurisdiction of the circuit court and the preliminary examination may be waived, not only in the justice's court or other examining tribunal, but at the time he is required to plead to the information, and if, as in this case, it appears he pleads the general issue of "not guilty," he is held to waive it.   His subsequent recourse to pleas in abatement, motions to quash, and demurrers, with the plea of "not guilty" standing, will not even convict the trial court of error, which is the most that can be done, even if the court erred in requiring him to proceed without having been awarded the preliminary trial vouchsafed by the statute.  [State v. Jeffries, *ante,* p. 302; Washburn v. People, 10 Mich. 383; State v. Barnett, 3 Kan. 250.]

As the application discloses no want of jurisdiction in the circuit court to hear and determine all the questions raised therein, and as this court under a writ of *Habeas Corpus* has no power to investigate the correctness of the rulings of any other court of competent jurisdiction short of that which is jurisdictional, the discharge is denied, and the prisoner is remanded to the custody of the jailor of the city of St. Louis, in order that his trial may proceed in conformity to law in the circuit court.

Discharge denied.    *Fox, P. J.,* and *Burgess, J.,* concur.