LULA M. THRELKEL, Petitioner, v. JOHN L. MILES, Sheriff of Jackson County.—10 S. W. (2d) 953.

Court en Banc, October 2, 1928.

*Linquist & Dempsey* for petitioner.

*Brewster & Brewster* for respondent.

ATWOOD, J.—This is a proceeding under the Habeas Corpus Act and comes to the writer on reassignment.

Petitioner alleges that she was a plaintiff in error in the case of Keltner v. Threlkel, decided by this court January 29, 1927, and reported in 316 Mo. 609, 291 S. W. 462. That was an ejectment suit wherein this defendant below filed an answer or cross-petition which converted the proceeding into one in equity, and on writ of error granted by this court the judgment of the circuit court was reversed and the cause remanded for a new trial, and mandate issued accordingly. Petitioner further alleges that during the pendency of said writ of error the land involved in said ejectment suit was taken from her possession, on writ of restitution issued from the Circuit Court of Jackson County under the judgment there rendered in said cause on February 2, 1923; that after said mandate of the Supreme Court was sent to the Clerk of the Circuit Court of said county, the Judge of Division Number 7 of said circuit court, "in opposition to the terms of said mandate, without authority of law," authorized William Buechle, Special Deputy Commissioner of the Federal Trust Company, of Kansas City, Missouri, to take possession of said land and under the orders of said judge he has ever since held possession of the same and has resisted all attempts of petitioner to gain possession of said property, "in direct opposition to the mandate of this court, and in contempt thereof;" that "said court has intimidated this relator by making various orders in relation to said property in favor of the said William Buechle, among which was one made on the 11th day of April, 1927, in case number 246085, in the matter of the liquidation of the Federal Trust Company, Kansas City, Missouri, banking corporation at Kansas City, Missouri, in which said court ordered the said Lula M. Threlkel not to annoy, disturb or molest the tenants in or to go upon" said premises, "in direct opposition to the commands and in violation of the mandate of this court;" that on March 10, 1928, said circuit judge issued a citation in said case to petitioner herein commanding her to appear in said court at ten o'clock A. M. on the 12th day of March, 1928, then and there to show cause why she should not be adjudged in contempt of said court for violating its said order made on the 11th day of April, 1927, which citation was filed with her petition and marked "Exhibit A;" that petitioner's attorney, L. N. Dempsey, visited said judge about the hour of nine o'clock A. M. on said 12th day of March, 1928, and stated that he represented the said Lula M. Threlkel and

that it would be impossible for him to appear in said court at the hour of ten o'clock that day for the reason that he had previously been engaged to try a condemnation case in another division of said court which trial would begin at nine-thirty A. M. of said day; that said condemnation case did start to trial at said hour, the said Dempsey being engaged therein during the remainder of said day; that at the hour of ten o'clock of said day the said Dempsey, in response to a call from said judge, appeared and informed him that he was then actually engaged in the trial of said condemnation suit, in another division of said court and could not try the issues of said citation at that time, but would try the same at the noon hour or any time after he became disengaged from the trial of the condemnation suit; that said judge thereupon told the attorneys for the said Buechle to proceed with the trial on said citation, and the said Dempsey returned to the trial of said condemnation suit at once; that said judge thereupon rendered a judgment on said citation, committing the said Lula M. Threlkel to imprisonment in the Jackson County jail at Kansas City, until such time as she purged herself of the contempt or until she be discharged therefrom according to law, copy of commitment issued therein being filed with her petition and marked "Exhibit B;" that petitioner is held and restrained of her liberty under the proceedings of the Circuit Court of Jackson County, Missouri, in relation to the title to the land involved in said ejectment suit, and that said imprisonment is illegal and without authority of law.

Writ was issued on said petition and respondent filed return thereto alleging that on the 13th day of March, 1928, the said Lula M. Threlkel was duly committed to the county jail of Jackson County, Missouri, for contempt of court under and by virtue of an order of commitment duly signed and delivered to respondent by the Judge of Division Number 7 of the Circuit Court of said Jackson County, the same being a court of record of general jurisdiction, and that she was held thereunder until March 14, 1928, when she was ordered released by the writ of habeas corpus issued herein, copy of said commitment being attached to said return, and the original being produced at the hearing. Respondent's return further alleged that S. L. Cantley is the Commissioner of Finance of the State of Missouri; that W. L. Buechle is a Special Deputy Commissioner of Finance under appointment of the said Cantley, Commissioner of Finance, and in such capacity is now and at all times stated herein was in charge of the liquidation of the affairs of the Federal Trust Company, an insolvent banking corporation of Kansas City, Missouri; that in said capacity the said Buechle came into possession, management and control of the real estate involved in said ejectment pro-

ceeding; that on April 5, 1927, the said Buechle, in said capacity, filed in the Circuit Court of Jackson County, Missouri, an application for a restraining order against the said Lula M. Threlkel to restrain and enjoin her from interfering with said premises and from in any manner molesting, bothering or serving notices on the tenants of said premises or in any way interfering with the possession of the said Buechle as aforesaid, a certified copy of said application for restraining order being attached to said return and being marked Exhibit A; that said application was duly presented to the Judge of Division 7 of the Circuit Court of Jackson County, Missouri, and a temporary restraining order was by said court duly issued in conformity of law, certified copy of same being attached to said return and marked Exhibit A-1; that said temporary restraining order was personally served on the said Lula M. Threlkel in the manner and form provided by law, certified copy of the sheriff's return being attached to respondent's return as a part of said Exhibit A-1; that thereafter on April 11, 1927, the return day of said temporary restraining order, the matters alleged in said application came on to be heard and the court having heard the evidence offered thereon and being fully advised in the premises, found that the said Lula M. Threlkel was maliciously annoying and interfering with the tenants in possession of said property, and it was thereupon ordered and adjudged that said temporary restraining order should become a temporary injunction *in toto,* and that the said Lula M. Threlkel, her attorneys, agents and servants, and each of them, were restrained and enjoined from entering said premises, or in any way interfering with, annoying or going about or sending notices to said tenants on said premises until further order of the court, a certified copy of said order being attached to respondent's return and marked Exhibit A-2; that thereafter on March 9, 1928, the said Buechle, in his capacity aforesaid, filed a sworn application in Division Number 7 of the Circuit Court of Jackson County, Missouri, to have the said Lula M. Threlkel cited for contempt of said court for wilfully violating said injunction order of April 11, 1927, a certified copy of said application for citation being attached to respondent's return and marked Exhibit B; that thereafter on March 9. 1928, the said court issued said citation ordering the said Lula M. Threlkel to appear before said court on Monday, March 12, 1928, and show cause why she should not be punished as for contempt of said court in violating the restraining order made, issued and served upon her as aforesaid, said citation being personally served upon the said Lula M. Threlkel March 10, 1928, a certified copy of said citation together with sheriff's return of service thereon being filed with respondent's return and marked Exhibit C; that said citation came on regularly to

be heard by said court on 12th day of March, 1928, the parties being present and the matter being presented to said court, and said court after hearing evidence, arguments of counsel and being fully advised in said matter made and entered an order on conviction of said Lula M. Threlkel for contempt of court in violating said injunctive order as aforesaid, a certified copy of said order being attached to respondent's return and marked Exhibit D; that thereafter on March 13, 1928, said court issued the order of commitment aforesaid based upon said order of conviction, and directed respondent, as Sheriff of Jackson County, Missouri, to take the said Lula M. Threlkel into custody and confine her in the Jackson County jail until she should purge herself of said contempt, or until she should otherwise be discharged therefrom according to law.

Petitioner filed reply, which reiterates much of the matter pleaded in the petition and further alleges that on April 11, 1927, when said injunction proceeding was called for trial, Lula M. Threlkel filed an affidavit for a change of venue on account of the bias and prejudice of the judge, which was overruled; that the court then and there, without hearing any evidence, and in the absence of said Lula M. Threlkel, rendered judgment against her as prayed for in the petition; that the judgment sentencing said Lula M. Threlkel for imprisonment in the county jail of Jackson County, Missouri, is void for the reason that the judge at no time had jurisdiction of the property in litigation in the ejectment suit brought by Clara V. Keltner against Lula M. Threlkel et al.; that an alleged deed of trust was executed on the land in controversy in the year 1915, but that the same was without consideration and the foreclosure a mere pretense, and that W. L. Buechle was not an innocent purchaser. The reply further denies each and every allegation set forth in the return to the writ of habeas corpus not therein expressly denied or otherwise answered.

We have not been favored with a brief by either of the parties, but it may be taken as well-established law that in all habeas corpus proceedings the ultimate question is one of jurisdiction and power. [Ferris on Extraordinary Legal Remedies, sec. 18.]

From a careful study of the prolix and repetitious pleadings filed in the case it seems that petitioner proceeds on the theory that the circuit court was without jurisdiction to entertain the injunction proceeding commenced by W. L. Buechle, Special Deputy Commissioner of Finance, because the judgment in the ejectment suit had been previously reversed and remanded by this court and our mandate had gone down. It is true that the mandate, following the usual form, contained the language "and that the said plaintiffs in error be restored to all things which

they have lost by reason of said judgment." However, the judgment of this court was that the judgment previously rendered in the Circuit Court of Jackson County be reversed and the cause remanded for a new trial. This court thereupon had jurisdiction not only to retry the case but to deal with any rights or equities properly brought to its attention with reference to the real estate in dispute that might have intervened between the date of the judgment in the circuit court and the determination of the writ of error, and entertain any ancillary remedial proceedings it deemed proper, matters of error therein being subject to correction on appeal. Indeed, it appears from the pleadings and exhibits filed by both parties that after judgment was obtained in the ejectment suit and while said writ of error was pending there was a foreclosure of a deed of trust given on said properties long prior to the institution of said suit by which whatever rights any of the parties to the ejectment suit had therein were foreclosed, and that the said Buechle holds title thereunder. Petitioner asserts that said foreclosure was not in good faith and passed no title, but we cannot determine or even inquire into such collateral matter in this proceeding. Suffice it to say that the Circuit Court of Jackson County had jurisdiction to retry the issues when the cause was remanded and to entertain a proceeding, if need be, to hold rights then apparently existing *in statu quo* until the case could be retried. The application for injunction made by W. L. Buechle was evidently for that purpose, and "Exhibit A" attached to respondent's return, being a copy of the said Buechle's verified application, the allegations of which were not denied in the injunction proceeding, recites that said cause had already been listed for retrial in said court and continued because this petitioner had left the court and refused to proceed with the trial on the day it was set down for hearing. The proceeding was ancillary to the ejectment suit still pending, remedial in its nature, and the Circuit Court of Jackson County had jurisdiction to entertain the same and make the order it did therein.

Petitioner's pleadings also suggest that the circuit court was without jurisdiction to make its order in the injunction proceeding because of certain irregularities alleged to have occurred therein. These were matters of error that could have been reached by appeal. A proceeding under the Habeas Corpus Act cannot be used as a substitute for an appeal or writ of error. [Ex parte Mitchell, 104 Mo. 121; Ex parte McLaughlin, 210 Mo. 657; Ex parte Buckley v. Hall, 215 Mo. 93.]

Petitioner's pleadings further alleged certain irregularities in the contempt proceeding, apparently on the theory that they can be ▮ criminal contempt from which no appeal lies, petitioner reached in this proceeding. If this were a conviction of might have such contentions reviewed in this proceeding. [Ex parte Creasy, 243 Mo. 679; In re Ewing, 273 Mo. 96.] But this citation for contempt was requested in a civil proceeding and in aid of alleged rights adverse to those of petitioner in the property in controversy. Petitioner's confinement was the result of her own violation of the court's injunctive order so made. It was clearly an indirect or constructive contempt, civil or quasi-criminal, and appealable. [State ex rel. v. Bland, 189 Mo. 197; Bender v. Young, 252 S. W. (Mo. Sup. Ct.) 691; Oliver v. Orrick, 220 Mo. App. 614, l. c. 621.] The irregularities complained of are, therefore, matters of error properly cognizable on appeal, and cannot be considered in this proceeding under the Habeas Corpus Act.

Petitioner's pleadings and proof do not controvert the statement in the commitment that she violated the court's injunctive order, or that such violation constituted a contempt if the court had jurisdiction to make the order. On the whole case it appears that the Circuit Court of Jackson County had jurisdiction of the subject-matter, jurisdiction of the person, and jurisdiction to make the particular orders and judgments assailed, and it follows that petitioner should be remanded to the custody of the Sheriff of Jackson County, Missouri. It is so ordered. All concur, except *Gentry, J.*, not sitting.