Thomas N. SONDERMAN, Appellant,

v.

Phyllis L. SONDERMAN, Respondent.

No. ED 78202.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 2001.

---

7. At oral argument Defendant withdrew Point II of his brief.

Shepherd, Lake & Taylor, L.L.P., Charles M.M. Shepherd, Clayton, MO, for appellant.

The Schechter Law Firm, P.C., Michael L. Schechter, Michele Thorburg, Clayton, MO, for respondent.

GARY M. GAERTNER, Sr., Presiding Judge.

Appellant, Thomas N. Sonderman ("husband"), appeals from the judgment of the Circuit Court of St. Louis County dissolving his marriage to Phyllis L. Sonderman ("wife"), dividing the parties' property, and granting wife maintenance. We affirm.

Husband and wife were married in 1975. There were no children born to this marriage. Husband was sixty-two years old at the time of the divorce proceedings and employed by Boeing. Wife was fifty-three years old at the time of the divorce proceedings and was a real estate agent for Gundaker Real Estate.

The trial court found the marriage to be "irretrievably broken," granted dissolution, divided the parties' property, and granted wife maintenance. Husband raises nine points on appeal alleging the trial court erred in its division of property and in awarding wife maintenance.

In his first point on appeal, husband alleges the trial court erred in dividing the parties' property. Specifically, the husband alleges the trial court erred in classifying a mink coat, valued at approximately $ 5,000, as wife's separate property.

The trial court's decision will be affirmed unless it is not supported by the evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

In wife's "statement of property," she listed as separate property a mink coat. Wife testified she originally purchased a mink coat by writing a check from the parties' joint account, but claims the funds had come from her parents. While the parties were separated, wife alleged there had been a burglary of the home and among other things, the mink coat was taken. The house and its contents were insured by a policy in both husband and wife's name. Wife filed an insurance claim and received a check made payable to both her and husband. She endorsed the check, signing both her name and husband's name, and deposited it into their joint account. She immediately purchased a new mink coat for herself from funds from the joint account.

 "[W]hen both marital and non-marital funds are deposited in the same account, those funds become marital property." *Sturgis v. Sturgis*, 663 S.W.2d 375, 379 (Mo.App. E.D.1983). When a party claims that the property in question is non-marital, he bears the burden of proving his contention by clear and convincing evidence. *Sprock v. Sprock*, 882 S.W.2d 183, 185 (Mo.App. W.D.1994). When wife deposited the original funds for a mink coat into her and husband's joint account, those funds became marital property. Therefore, by purchasing the coat with marital funds, the coat became marital property. Wife then purchased a new mink coat with an insurance check titled in both the parties' names, which she deposited into the parties' joint account.

Even when we ignore all applicable commercial paper law, it is clear wife failed to meet her burden and establish the mink coat was separate property. Therefore, we believe the trial court's declaration that the mink coat was separate property was against the weight of the evidence. However, "the mere erroneous declaration of what is or is not marital property, where the decree is nonetheless fair, will not require a reversal." *Hughes v. Hughes*, 994 S.W.2d 103, 107 (Mo.App. S.D.1999). An error in the declaration of property requires reversal only if the error is found to materially impact the distribution of property. *Halupa v. Halupa*, 943 S.W.2d 272, 278 (Mo.App. E.D.1997). Given the relative insignificant value of the mink coat as compared to the entire marital estate, we do not find the mischaracterization to have materially impacted the overall distribution of property. The trial court's division of the parties' property resulted in roughly 50.5% to the wife and 49.5% to the husband. We find even with the erroneous declaration, the division of property was nonetheless fair and therefore does not require reversal. Point denied.

We find the remaining points and subpoints are without merit and affirm pursuant to Rule 84.16(b).

Based on the foregoing, we affirm the judgment of the trial court.

CRAHAN and DRAPER, JJ., concur.