**Julie MUENZ, Respondent,**

v.

**Robert MUENZ, Appellant.**

**No. ED 80039.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 2003.

**6**

Michael A. Gross, St. Louis, MO, for appellant.

Theodore S. Schechter, Jeffrey S. Schechter, Schechter Law Firm, P.C., Clayton, MO, for respondent.

PAUL J. SIMON, Presiding Judge.

Robert Muenz (husband) appeals from the amended judgment entered by the Circuit Court of St. Louis County dissolving his marriage to Julie Muenz (wife).

On appeal, husband contends the trial court: (1) abused its discretion in awarding wife maintenance, because the court's finding that wife was unable to support herself through employment and the application of income from her assets was not supported by substantial evidence and was against the weight of the evidence and thus violated Section 452.335.1 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise indicated); (2) abused its discretion in awarding wife maintenance in the amount of $2500 per month because the amount of maintenance awarded was patently unwarranted and the award thus violates Section 452.335.2 in that wife had gross income of more than $4500 per month from her employment and access to additional income from investment and retirement accounts awarded to her; (3) erred in finding husband's Smith–Barney SEP–IRA was marital property and in awarding wife one-half of the entire account because the finding was not supported by substantial evidence and the award misapplied Section 452.330; and (4) erred in its disposition of wife's defined benefit plan because the decree is so indefinite its enforcement would require more than mere ministerial computations and the judgment reflects a misapplication of Section 452.330. We affirm in part and reverse and remand in part with instructions to the trial court to consider the award of maintenance in light of wife's gross income without excluding any voluntary contributions to her 401(k) plan and to consider the income from her IRA and retirement accounts apportioned to her as marital property.

The trial court's judgment will be sustained unless there is no substantial evidence to support its decision, its judgment is against the weight of the evidence, or it erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). All evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded. *Chen v. Li*, 986 S.W.2d 927 (Mo.App. E.D.1999).

In the light most favorable to the trial court's judgment, the record reveals that husband and wife were married on October 16, 1993. At the time of the marriage, husband was 50 years of age and wife was 45 years of age. Wife had two children from a prior marriage, both of whom resided with her. Husband had three children from a prior marriage, none of whom resided with him. At the time of the marriage, wife was a flight safety instructor employed by Trans World Airlines (TWA) and had been employed continuously by TWA for 24 years. Husband was part owner of Kettler, Muenz & Young, Inc. (KM & Y), a corporation which functions as a manufacturer's representative in the consumer hardware industry.

Husband and wife separated during February of 2000, and wife filed her peti-

tion for dissolution of marriage in April of 2000.

At trial, there was evidence that husband's Smith–Barney SEP–IRA, a brokerage account, contained funds that had been consolidated from various stock accounts during the marriage. Husband's original holdings of $38,085 were twice rolled over into new accounts that traded stocks and earned income in the form of dividends and interest. Husband's SEP–IRA contained cash received from the sale of stocks during the marriage, and this cash was used in combination with the interest and dividends earned from the account to purchase new stocks. At the time of trial, the value of husband's SEP–IRA was $79,214, and husband testified that he had gone back in the SEP–IRA to trace his original holdings, but that he did not know which of the original holdings remained.

At trial, wife testified that at the time of her marriage to husband she believed her TWA defined benefit plan was worth $60,000. However, she also testified that the defined benefit plan was under-funded, its funds had been frozen since 1986, and the plan was under investigation at the time of trial. There was evidence that wife's defined benefit plan may have been worth $80,000 at the time of trial, had wife retired by January 1, 2001, and had taken her benefits as a lump sum, otherwise, this lump sum would not be available to her.

When asked if she had an estimate as to what she believed the defined benefit plan was worth at the time of trial, wife replied that it was worth "[z]ero" and she didn't think they would get anything out of the plan.

The trial court entered its amended judgment on August 10, 2001. Wife was awarded periodic maintenance in the amount of $2500 per month. The trial court designated the entire value of husband's SEP–IRA as marital property and distributed it equally between husband and wife in a qualified domestic relations order (QDRO). Additionally, the trial court determined that wife's defined benefit plan had an unknown value, but distributed the marital portion of the plan, if any, equally between husband and wife in a QDRO.

■ In his first point on appeal, husband contends the trial court abused its discretion in awarding wife maintenance because the court's finding that wife was unable to support herself through employment and the application of income from her assets was not supported by substantial evidence and was against the weight of the evidence and thus violated Section 452.335.1. In his second point on appeal, husband contends the trial court abused its discretion in awarding wife maintenance in the amount of $2500 per month because the amount of maintenance awarded was patently unwarranted and violates Section 452.335.2 in that wife had gross income of more than $4500 per month from her employment and access to additional income from investment and retirement accounts awarded to her. Since both points concern the award of maintenance, we shall consider them together.

■ An award of maintenance is a matter resting within the broad discretion of the trial court, and we review such awards only for an abuse of that discretion. *Shelton v. Shelton*, 29 S.W.3d 400, 403 (Mo.App. E.D.2000). Judicial discretion is abused when the trial court's judgment is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicates a lack of careful consideration. *Id.* We will not interfere with the trial court's award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Id.* at 404.

■ A court may grant maintenance if it finds the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and (2) is unable to support himself or herself through appropriate employment. Section 452.335.1. A spouse must demonstrate need before a court can order maintenance. *Chen*, 986 S.W.2d at 934.

If entitled to maintenance, such maintenance shall be in such amounts and for such periods of time as the trial court deems just after considering all relevant factors, including the ability of the party seeking maintenance to meet his or her needs independently and the comparative earning capacity of each spouse. Section 452.335.2(1) and (3).

■ In deciding the sufficiency of a spouse's property to provide for reasonable needs, the trial court must consider "marital property apportioned" to a spouse. *Hill v. Hill*, 53 S.W.3d 114, 116 (Mo.banc 2001). Therefore, when calculating maintenance, the trial court must consider the income from retirement and IRA accounts to be apportioned as marital property. *Id.* This reflects the general principle that investment income must be considered so that maintenance is not awarded for the purposes of building an estate or accumulation of capital. *Id.*

The trial court determines the amount of income—if any imputed from these accounts based on the facts and circumstances of each case, including the cost to convert the account into cash, the age of the parties, their intent as to investment/consumption/retirement, the relative division of marital property and marital debts, and any equitable adjustment for reasonably certain taxes and penalties. *Id.*

In wife's amended statement of income and expenses, wife's gross income shown on her federal income tax return from 1999 was $43,270.19. Wife testified at trial that her gross pay per bi-weekly pay period was $1181. Wife also testified that she voluntarily contributed $4587 to her 401(k) retirement plan.

In its amended judgment, the trial court found wife's "average annual taxable income in recent years, excluding one time payments has been approximately $40,000 after her contribution to her 401(k)." The trial court apparently deducted wife's voluntary contributions to her 401(k) retirement plan from her gross income in assessing her comparative earning capacity.

The trial court erred in deducting wife's voluntary contributions to her 401(k) plan from her gross income. In *Brooks v. Brooks*, 957 S.W.2d 783, 792 (Mo.App. W.D.1997), our colleagues in the Western District held that a former spouse cannot be required to make maintenance payments, which are specifically allocated for contributions to a retirement fund to provide for the future support of his or her ex-spouse. Contributions to retirement funds intended to provide support in retirement are not allowable expenses for calculating and awarding maintenance. *Id.* at 793. Maintenance awards are to be limited to the "demonstrable needs of the party receiving support and not to provide an accumulation of capital." *Id.* at 792.

Wife was awarded an aggregate value of $156,797 in IRA and retirement accounts apportioned as marital property. Included in the value of these accounts was the entire value of wife's TWA 401(k) plan and half of the value of the Schwab IRA, Smith–Barney IRA, and Smith–Barney 401(k).

The trial court stated in its amended judgment that "[w]ife is to receive some income producing accounts and that income can be used to help provide for her

reasonable needs without requiring her to consume the principal of those assets." However, the amended judgment fails to set forth the necessary information to determine what income from the IRA and retirement accounts apportioned to wife as marital property the trial court considered in calculating maintenance.

Therefore, we must reverse and remand with instructions to the trial court to consider the award of maintenance in light of wife's gross income without excluding any voluntary contributions to her 401(k) plan and to consider the income from her IRA and retirement accounts apportioned to her as marital property.

In his third point on appeal, husband contends the trial court erred in finding husband's Smith–Barney SEP–IRA was marital property and in awarding wife one-half of the entire account because the finding was not supported by substantial evidence and the award misapplied Section 452.330. Husband argues the SEP–IRA had been worth $38,085 at the time of the marriage and these original holdings should be set aside to husband since they constitute the non-marital portion of husband's account.

The division of marital property in a dissolution action is discretionary with the trial court and we must defer to the court's judgment unless it is an abuse of discretion. *Waite v. Waite*, 21 S.W.3d 48, 51 (Mo.App. E.D.2000). We presume the order to be correct, and the party challenging the division on appeal has the burden of overcoming the presumption. *Id.*

Section 452.330.2(2) defines "marital property" as follows:

"all property acquired by either spouse subsequent to the marriage," but excludes "property acquired in exchange for property acquired prior to the marriage or in exchange for property ac-

quired by gift, bequest, devise, or descent."

Section 452.330.4 provides:

Property which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property.

Commingling of marital assets with non-marital assets, in and of itself, is insufficient to transmute separate property into marital property. *Drikow v. Drikow*, 803 S.W.2d 122, 125 (Mo.App. E.D.1990). Marital assets that are used to increase the value of nonmarital assets and which become commingled with the non-marital assets may be recovered to the extent of the contribution made. *Id.* However, when both marital and non-marital funds are deposited in the same account, those funds become marital property. *Sonderman v. Sonderman*, 46 S.W.3d 115, 117 (Mo.App. E.D.2001). More than mere commingling of funds occurred, because husband's premarital IRA funds had become transmuted into marital property and husband could not trace his original holdings. The trial court did not err.

In his fourth point on appeal, husband contends the trial court erred in its disposition of wife's TWA defined benefit plan because the decree is so indefinite that its enforcement would require more than mere ministerial computations, and the judgment reflects a misapplication of Section 452.330. Husband argues the judgment is unenforceably vague, because the trial court failed to find what portion of the value of the plan accrued during the marriage, and, hence, one cannot determine the value of husband's interest in wife's defined benefit plan.

Generally, a judgment must be certain and definite in amount or it is void and unenforceable. *Butler v. Butler*, 870

S.W.2d 953, 957 (Mo.App. E.D.1994). However, a dissolution of marriage decree may still be enforceable if it can be made certain by a motion and hearing to determine the exact amounts due by ministerial computation or evidence, so long as a subsequent hearing is not required to determine the decree's meaning. *Id.*

The amended judgment assigns no value to the marital portion of wife's defined benefit plan, however, we look to the record for further information. *Sanders v. Sanders,* 933 S.W.2d 898, 902 (Mo.App. E.D.1996). Reviewing the record, we find there was evidence that the plan may have been worth $80,000 at the time of trial, had wife retired by January 1, 2001, and had taken a lump sum. The amended judgment was entered on August 10, 2001, and there is no evidence that wife retired by January 1, 2001, and had taken the lump sum available to her.

The intent of the amended judgment was to distribute any post-marriage earnings in wife's defined benefit plan equally between the parties. Because the order was intended as a QDRO, the court retains the authority to effectuate such distribution once the information regarding the actual funds still existing in the plan becomes available. Section 452.330.5. Upon the designation of wife's benefits by her employer, the exact amount due to husband can be established by a motion and hearing at which the court can perform the ministerial computation of dividing the marital portion of the plan by two.

Judgment is affirmed in part and reversed and remanded in part with instructions to the trial court to consider the award of maintenance in light of wife's gross income without excluding any voluntary contributions to her 401(k) plan and to consider the income from her IRA and retirement accounts apportioned to her as marital property.

Judgment affirmed in part and reversed and remanded in part.

GARY M. GAERTNER, SR., J. and KATHIANNE KNAUP CRANE, J., concur.