**N.M.O., Petitioner/Respondent,**

**v.**

**D.P.O., Respondent/Appellant.**

**No. ED 80717.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 2003.

Motion for Rehearing and/or Transfer to Supreme Court and Motion to Publish Denied Sept. 15, 2003.

Application for Transfer Denied Oct. 28, 2003.

Leonard J. Frankel, Julie L. Siegel, Frankel, Rubin, Bond, Dubin & Siegel, P.C., St. Louis, MO, for Appellant.

Cary J. Mogerman, James P. Carmody, Zerman & Mogerman, LLC, Clayton, MO, for Respondent.

Before ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J. and GEORGE W. DRAPER III, J.

PER CURIAM.

D.P.O. (Husband) appeals from the trial court's Amended Judgment/Decree of Dissolution (judgment), which in relevant part dissolves Husband's marriage to N.M.O. (Wife); awards the parties joint legal custody of their two children, with Wife having primary physical custody of the children and Husband having specified periods of visitation; finds Husband engaged in marital misconduct; values and distributes various items of separate and marital property; awards Wife $7,500.00 per month in maintenance; and denies Husband's counterclaim for fraud and breach of fiduciary duty. We reverse the maintenance award, as well as the classifi-

cation of the securities class action lawsuit, and remand these two aspects of the judgment for further proceedings consistent with this opinion. In all other respects, we affirm the judgment pursuant to Rule 84.16(b).

In non-jury civil cases, including dissolution cases, we affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Fisk v. Fisk*, 81 S.W.3d 1, 1 (Mo.App. E.D.2001); *Ruzicka v. Hart Printing Co.*, 21 S.W.3d 67, 70 (Mo.App. E.D.2000). We consider all the evidence and its permissible inferences in the light most favorable to the trial court's decision, and disregard all contrary evidence and inferences. *Flooring Sys., Inc. v. Staat Constr. Co.*, 100 S.W.3d 835, 837 (Mo.App. E.D.2003); *Fisk*, 81 S.W.3d at 1. "The credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of their testimony." *Herbert v. Harl*, 757 S.W.2d 585, 587 (Mo. banc 1988); *McAllister v. McAllister*, 101 S.W.3d 287, 291 (Mo. App. E.D.2003). Importantly, we defer to the trial court's determination of the witnesses' credibility. *Flooring Sys., Inc.*, 100 S.W.3d at 837; *In re Marriage of Novak*, 83 S.W.3d 597, 600 (Mo.App. E.D. 2002).

In the light most favorable to the trial court's judgment, the record reveals the parties were married on October 24, 1981, and had two children, who were born in January 1983 and January 1986. In June 2000 Wife filed a petition for dissolution of marriage and Husband filed a cross-petition for dissolution, as well as a two-count counterclaim seeking relief for Wife's alleged fraud and breach of fiduciary duty with respect to a Qualified Personal Residence Trust ("QPRT"). The trial court denied Husband's pre-trial request to bifurcate his counterclaim from the dissolution of marriage claims. After a four-day non-jury trial on all the claims in March and April 2001, the trial court entered its original judgment and decree of dissolution in October 2001, including findings of facts and conclusions of law in accordance with the parties' requests for findings. Upon considering Husband's motion for new trial or, in the alternative, motion to amend judgment, the trial court entered the judgment that is the subject of this appeal, including findings of fact and conclusions of law, in January 2002.

In its judgment, the trial court dissolved the parties' marriage, finding in part that Husband had engaged in marital misconduct.[1] The trial court awarded the parties joint legal custody of the children, with Wife having primary physical custody subject to Husband's temporary custody and visitation as set forth in the approved Parenting Plan. Additionally, the trial court valued and distributed the parties' separate and marital property, and awarded Wife modifiable maintenance in the amount of $7,500.00 per month. Finally, the trial court denied Husband's counterclaim, upon expressly finding there was no credible evidence that Wife had engaged in any fraudulent nondisclosure or breach of any fiduciary duty with respect to the QPRT. This appeal followed the trial court's entry of judgment after consideration of Husband's motion for new trial or, in the alternative, motion to amend judgment.

Husband raises ten points on appeal. Eight of those points are resolved in a

---

**1.** The trial court also expressly determined there was no credible evidence that the behavior of Wife that had been challenged by Husband constituted marital misconduct.

memorandum sent to the parties for their information only because our resolution of those points has no precedential value and we affirm those points pursuant to Rule 84.16(b). Points four and seven are discussed below.

### Maintenance

For his fourth point, Husband argues that the trial court erred in awarding Wife $7,500.00 per month in modifiable maintenance. Husband urges the award does not take into account the income that could be earned on the separate and marital property awarded to Wife. In support of this contention, Husband argues the trial court did not apply criteria from the Missouri Supreme Court's decision in *Hill v. Hill,* 53 S.W.3d 114, 116 (Mo. banc 2001).

■■■■ A maintenance award is "aimed at closing the gap between the income of the spouse who seeks maintenance and that spouse's monthly expenses." *In re Marriage of Zavadil,* 806 S.W.2d 506, 512 (Mo.App. E.D.1991). As part of its judgment in a dissolution proceeding, a trial court may award maintenance to a spouse upon finding (1) that spouse lacks sufficient property, including marital property apportioned to the spouse, to provide for the spouse's reasonable needs; and (2) that spouse is unable or should not be required to be employed under the circumstances. Section 452.335.1 RSMo 2000.[2] When a maintenance award is appropriate, the trial court must consider all relevant factors, including the ability of the party seeking maintenance to meet his or her needs independently, to determine a just amount and duration of such an award. Section 452.335.2; *Muenz v. Muenz,* 99 S.W.3d 4, 8 (Mo.App. E.D.2002). Notably, in setting the amount of a maintenance award, a trial court is not required to meet all the needs of the spouse receiving maintenance. *May v. May,* 801 S.W.2d 728, 732 (Mo.App. E.D.1990). A trial court has broad discretion in awarding maintenance, and we only interfere with such an award upon finding an abuse of that discretion. *Hill,* 53 S.W.3d at 116; *Creech v. Creech,* 992 S.W.2d 226, 229 (Mo.App. E.D.1999). A trial court's failure "to set forth the necessary information to determine what income from ... IRA and retirement accounts apportioned to [the spouse seeking maintenance] as marital property the trial court considered in calculating maintenance" is reversible error. *Muenz,* 99 S.W.3d at 9.

Here, the trial court awarded Wife $7,500.00 per month in maintenance. The trial court found that Wife earned a college degree in 1973, last worked outside the home in 1982 in order to stay home with the parties' minor children, and is currently unemployed. The trial court then imputed to her an initial salary of $3,000.00 per month, determined she could earn an additional $900.00 per month from the separate and marital property awarded to her, and calculated her reasonable monthly expenses, exclusive of the children's expenses, as totaling $9,000.00. While characterizing Wife as "intelligent, competent, and able-bodied," the trial court concluded she was "not currently capable of fully supporting herself based upon her current earning potential and the separate and marital property awarded to her herein, including income producing property and retirement funds."

In *Hill,* the Missouri Supreme Court did not require trial courts to include or exclude income attributable to retirement and IRA accounts awarded as marital property in the calculation of maintenance awards, but did require trial courts to "consider" such income when calculating

---

**2.** Unless otherwise indicated, all subsequent statutory references are to RSMo 2000.

maintenance. *Hill*, 53 S.W.3d at 116. Specifically, the Supreme Court directed trial courts calculating maintenance to determine what amount of income, if any, should be

> imputed from these accounts based on the facts and circumstances of each case—including the cost to convert the account into cash, the age of the parties, their intent as to investment/consumption/retirement, the relative division of marital property and marital debts, and any equitable adjustment for reasonably certain taxes and penalties.

*Id.* As we noted earlier, after *Hill*, we found reversible error in a trial court's maintenance award where the trial court's judgment "fail[ed] to set forth the necessary information to determine what income from the IRA and retirement accounts apportioned [to the spouse seeking maintenance] as marital property the trial court considered in calculating maintenance." *Muenz*, 99 S.W.3d at 9; *see also Fischer v. Fischer*, 66 S.W.3d 43 (Mo.App. E.D.2001).

■ With respect to retirement or IRA accounts here, the trial court awarded Wife as marital property fifty percent of a profit sharing plan from Husband's employment, which percentage the trial court valued at $651,251.00, plus a "Stifel Nicholas IRA in/n/o N.M.O.," which the trial court valued at $4,203.00. While there was some evidence at trial regarding Husband cashing Wife out of the profit sharing plan, the parties have not directed us to and we have not found any evidence of record regarding income from the marital retirement or IRA funds awarded Wife that the trial court could or did consider when calculating maintenance. The trial court noted it considered Wife able to receive $900

per month in income from her separate and marital property, including the retirement funds, but did not specify how much of that income was attributable to the marital retirement funds and how much was attributable to the approximately $100,000 in separate income-producing property awarded to Wife. Nothing in the judgment discloses either what income from the marital retirement and IRA funds awarded to Wife was considered by the trial court in calculating the maintenance award, or the underlying information specified in *Hill* to determine what income from those funds the trial court considered in calculating the maintenance award. Due to the record and judgment, we are unable to discern the extent to which the trial court complied with *Hill's* requirements. Therefore, we reverse and remand the maintenance award for further consideration under *Hill* and its progeny.

Because the maintenance award is remanded for reconsideration, the trial court is directed to again consider all of the relevant factors, including those specified in Section 452.335, regarding maintenance. We, therefore, will not address Husband's remaining arguments regarding the maintenance amount awarded Wife.[3]

Point four is granted.

### Securities Lawsuit

In his seventh point, Husband challenges the trial court's award to each party of fifty percent of a securities class action lawsuit. Specifically, Husband contends Husband and Wife should each receive as their own separate property their interest in the lawsuit based on the shares they individually own, because they are parties

---

**3.** We note that the $7,500.00 monthly maintenance awarded Wife does not appear to be supported by the evidence in view of the $9,000.00 in reasonable monthly expenses and $3,900.00 in imputed monthly salary and interest income the trial court attributed to Wife when calculating the maintenance award.

to that lawsuit based on their individual shares.

The trial court has broad discretion to identify marital property. *McAllister*, 101 S.W.3d at 293. If the evidence supports the trial court's classification, we will not find error in the trial court's decision. *See Pruitt v. Pruitt*, 94 S.W.3d 429, 434 (Mo.App. E.D.2003).

In general, property acquired by either spouse after marriage and before the dissolution is presumed to be marital property, whether the property is held by a spouse individually or by both spouses in some form of co-ownership. *Id.; see also* Section 452.330.2. There are exceptions to this general principle. Missouri statutorily excludes from the category of marital property such property as: property acquired by gift, bequest, devise or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; and the increase in value of property acquired before marriage, by gift, bequest, devise or descent, or in exchange for property acquired in any of those ways, "unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions." Section 452.330.2.

Missouri courts have recognized a spouse's interest in a lawsuit pending after marriage may be either marital or separate. *See Laffey v. Laffey*, 4 S.W.3d 655 (Mo.App. W.D.1999); *Al–Yusuf v. Al–Yusuf*, 969 S.W.2d 778, 785–86 (Mo.App. W.D. 1998). While we have not found a case where a trial court in a dissolution proceeding classified the parties' interests in a lawsuit arising out of property the parties agree is separate property, we recognize that the purpose for the relief sought through the lawsuit may be indicative of the proper classification. *See Wilk v. Wilk*, 781 S.W.2d 217, 223 (Mo.App. E.D.

1989) (addressing the trial court's classification of a spouse's worker's compensation claim); *Pauley v. Pauley*, 771 S.W.2d 105, 107–10 (Mo.App. E.D.1989) (addressing both a lump sum award of worker's compensation benefits paid after the parties' separation but before dissolution, and a Second Injury Fund award pending payment at the time of the dissolution). In *Pauley*, we concluded the monetary relief obtained through a spouse's personal injury claim that arose out of an incident occurring during the marriage and was resolved through the spouse's receipt of monetary relief after the marriage and after the dissolution, was separate property only to the extent it compensated the injured spouse for a future loss of earnings accruing after the dissolution of the marriage. *Pauley*, 771 S.W.2d at 107–10.

Based on *Pauley*, we have remanded a trial court's determination that a spouse's worker's compensation award was marital property when the record was not clear whether the purpose of the award was to compensate the recipient for losses during the marriage or losses accruing since the dissolution of the marriage. *Wilk*, 781 S.W.2d at 223. We use a similar analysis in deciding to remand the classification of Husband's and Wife's interest in the securities class action lawsuit apparently arising out of shares of stock which the parties indisputably owned as separate property. Here, the trial court: awarded Wife 782 shares of Bank of America stock as her separate property; awarded Husband 20,685 shares of Bank of America stock as his separate property; classified the securities class action lawsuit pertaining to those shares of stock as marital property; and awarded each party fifty percent of that lawsuit. Other than indications the parties do not dispute either the number of shares they each own or the fact that the shares owned are each party's separate property, there is little evidence in the record re-

garding the securities class action lawsuit. Additionally, the trial court's judgment does not include findings expressly addressing the basis for classifying the securities class action lawsuit as marital property.

The record reveals that Husband and Wife are each named as plaintiffs in that lawsuit, which is being pursued in federal court by those Bank of America shareholders who used to be NationsBank shareholders. Through Husband's trial testimony we also understand that the securities class action lawsuit is an effort "to have issued to the old NationsBank shareholders additional stock that would change the ratio of what the old Bank of America shareholders had versus the old NationsBank shareholders by about 10 percent." There is, however, no evidence in the available record of the date on which the cause of action arose for the securities class action lawsuit; of the types of claims pursued in that lawsuit, or of the kinds of relief and the purposes of the relief sought in that lawsuit. Thus, the record before us fails to disclose information essential to computing the portion, if any, of the securities class action lawsuit that is allocable as marital property. *Wilk*, 781 S.W.2d at 223.

■ In view of the parties' undisputed positions that the Bank of America shares they own that are related to the securities class action lawsuit are their separate property, in light of the trial court's award of the shares to each party as their own separate property, and due to the dearth of evidence and findings supporting the classification of the securities class action lawsuit as marital property, we remand for additional fact finding and conclusions regarding the extent to which the securities class action lawsuit is marital or separate property and, if marital, the extent to which each party receives a portion of that lawsuit.

Point seven is granted.

The judgment is reversed only with respect to the maintenance award and classification of the securities class action lawsuit; and those matters only are remanded to the trial court for further proceedings consistent with this opinion.

We have reviewed Husband's eight remaining points and the record on appeal, and we find no error of law. The judgment with respect to those points is supported by substantial evidence and is not against the weight of the evidence. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties, however, have been furnished with a memorandum opinion for their information only, setting forth the reasons for our decision. We affirm these points pursuant to Rule 84.16(b).